## Korell Estate

*Clelland L. Mitchell,* for petitioner.
*Donald W. VanArtsdalen,* for respondent.

SATTERTHWAITE, P. J., March 10, 1970.—This is a contested petition for the appointment of a guardian of the estate of an alleged incompetent. Objection has been made by one of the subject's sisters (joined, from a letter received in evidence, by his mother) on two broad grounds: First, that the subject is not domiciled in Pennsylvania, and, hence, since he has no estate here, this court has no jurisdiction, and, second, that no necessary or justifiable purpose will be served by the appointment of a guardian in any event.

At the hearing, it appeared that the alleged incompetent has been physically in residence at the Woods School, Langhorne, Bucks County, Pa., as an adult, for a continuous period of almost 20 years. While such residence, in fact, might not have been sufficient to establish domicile if the subject actually had been a legal resident of another State prior thereto and had been so mentally incompetent during the 20 years as to preclude his having any sufficient legal intent to change this domicile from such other State, nevertheless the record does not establish either of these propositions. The court is not willing to assume incompetency during this entire period in the absence of evidence on the subject, and without such evidence, the inferences to be drawn from such a long period of presence here certainly would not be persuasive of nondomicile. Accordingly, the court finds that, prima facie, jurisdiction to act on the within petition does exist.

The second objection, however, is more persuasive. Section 301(a) of the Incompetents' Estates Act of 1955, February 28, 1956, P. L. (1955) 1154, as amended, 50 PS §3301(a), provides, in part, as follows:

"(a) *Resident.* The court, upon petition and a hearing *at which good cause is shown, may* find a person domiciled in the Commonwealth to be incompetent

and *appoint a guardian* or guardians of his person or estate . . . (Emphasis supplied.)

In the instant case, conceding that the evidence justifies a finding of incompetency (and the court hereby so finds) and that, therefore, jurisdiction and power to appoint a guardian may exist, nevertheless, no real and sufficient purpose or occasion is perceived which would move the discretionary exercise of such power.

Petitioner, another sister of the alleged incompetent, herself concedes that he has no money in his own name and that the only property or estate in which he has any interest whatsoever is a life interest under the testamentary trust created by his father's will as to a half share of the decedent's residuary estate. This trust is being administered by a New York City corporate trustee under the jurisdiction of the courts of that State. The trustee has power under the father's will ". . . to collect the income therefrom and to pay or apply to or to the use of my said son from time to time so much of the net income therefrom and so much of the principal thereof as my Trustee in its absolute discretion may deem to be necessary or appropriate for my said son's proper care, comfort, support and happiness, and accumulate any income not paid or applied to or to the use of my said son and add the same to the principal of said trust. . . " with remainders over to other members of the family on the son's death.

The trustee is exercising the broad powers so conferred by expending funds directly for the cestui's care and maintenance, inter alia, to the Woods School, and it is admitted that no part thereof passes through the cestui's hands. Accordingly, no need exists for saddling the administration of this trust estate with the additional expense and inconvenience of a guardianship; all the functions of receipt and dis-

bursement of the alleged incompetent's funds attributable to this trust estate, and there are no other assets, already are being performed by the testamentary trustee, which presumably was selected by testator, the subject's father, for this very purpose.

Petitioner does not challenge these conclusions. She does contend, however, impliedly at the purported instance of the trustee, that a guardian is necessary if only for the purpose of signing "income tax returns and other forms which are requested by the trustee." Even if this ministerial function otherwise be sufficient justification, standing alone, for the appointment of a guardian of the estate (and the incurring of the substantial fees proposed to be charged by the suggested individual guardian, as indicated by the correspondence introduced into evidence), it has not been shown factually to be a function which actually is, or necessarily must be, performed by an independent and additional fiduciary in the present instance. Although the trustee was given notice of the within proceedings, not one word has been heard from it, even by correspondence, as to any necessity for any one other than itself to act in connection with the Federal income tax returns attributable to the alleged incompetent's situation. It, as trustee, of course, is necessarily already involved in the matter, since it is under a duty to file the fiduciary return on form 1041 and therein determine and allocate which portion of the income earned by the trust is taxable to the cestui individually as distributable income and which portion is taxable to the trust estate as such. Moreover, while it is not technically the cestui's "guardian" in the full legal sense, it certainly has full, and probably exclusive, knowledge and as a practical matter is performing all of the fiscal functions of such as to his interest with respect to this trust, his only property or estate. Accordingly, the corporate trustee

would seem to be within the literal ambit of those authorized by section 6012(b)(2) of the Internal Revenue Code to file income tax returns on behalf of persons under disability: a return in such a situation shall be filed, if not by an authorized agent or fiduciary, by such "other person *charged with the care of the . . . property of such [disabled] individual."* (Italics supplied.) In view of the unlimited discretionary powers conferred upon the trustee in the instant case, it would certainly seem "charged with the care" of the only property interest owned by the incompetent herein.

The record totally fails to disclose what petitioner, or the trustee for that matter, had in contemplation when reference was made to the alleged necessity for a guardian's signature to "other forms which are requested by the trustee."

## FINAL DECREE

And now, March 10, 1970, for the reasons stated in the foregoing opinion, the prayer of the within petition for the appointment of a guardian of the estate of the alleged incompetent is hereby denied and refused.